# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRFAN AZAN-KHAN,<br>*Plaintiff*,<br><br>v.<br><br>WILLIAM BARR, et al.,<br>*Defendants*. | No. 3:18-cv-1393 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Irfan Azan-Khan ("Plaintiff") filed a petition for review under 8 U.S.C. § 1421(c), the Immigration and Naturalization Act ("INA") § 310(c), and seeks this Court's *de novo* review of U.S. Citizenship and Immigration Service's ("USCIS") denial of his naturalization application, as well as a plenary hearing on his naturalization application. Complaint, ECF No. 1 at ¶ 1 (Aug. 16, 2018). He also alleges violations of the Fifth Amendment's Due Process Clause, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedures Act, 5 U.S.C. § 701 *et seq. Id.*

William Barr, U.S. Attorney General, Kevin K. McAleenan, Secretary of the Department of Homeland Security, and Nieves Cardinale, Hartford Field Office Director of USCIS (collectively, "Defendants"), have moved to dismiss Mr. Khan's Complaint.

For the following reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

Mr. Azan-Khan's claims under the Fifth Amendment and the Administrative Procedures Act are dismissed. His claim for *de novo* review under 8 U.S.C. § 1421(c) and for relief under the Declaratory Judgment Act will proceed.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **Factual Allegations[1]**

In May 1993, Mr. Khan, a native of Pakistan, entered the United States. Compl. ¶ 33. On November 6, 2006, Mr. Khan received his permanent resident status in the United States by grant of asylum and was classified as AS6. *Id.* ¶ 34.

On August 15, 2011, USCIS received Mr. Khan's Form N-400 Application for Naturalization. *Id.* ¶ 35.

On December 28, 2011, Mr. Khan appeared for his first naturalization application interview, *id.* ¶ 36, and allegedly "successfully met all of the procedural requirements and standards for Naturalization – knowledge of U.S. Civics, English language, etc." *Id.* ¶ 37.

On March 24, 2015, Mr. Khan appeared for his second interview, where he allegedly was questioned extensively on the asylum claim granted by the Immigration Court. *Id.* ¶ 39. Mr. Khan also was allegedly questioned about his adjustment of status to permanent resident. *Id.* ¶ 40 (p. 7)[2].

On August 12, 2016, USCIS denied Mr. Khan's naturalization application, *id.* ¶ 41 (p. 7), and Mr. Khan timely filed a N-336 request for a hearing on this decision. *Id.* ¶ 42 (p. 7).

On May 30, 2018, the USCIS denied this request because:

Your work with the [Muttahidda Qaumi Movement] over a period of at least six years and your active membership with the MQM since 1987 - which, to date, you

---

[1] All factual allegations are drawn from the Complaint. Compl., ECF No. 1 (Aug. 16, 2018).
[2] Mr. Khan's Complaint has repeating numbers for some of the paragraphs, so to avoid confusion, the Court refers to these based on the page number as well.

> have yet to terminate - put you in a position to know, or reasonably to have
> known, that the organization was involved in terrorist activity. As a result
> of this activity, under INA Section 212(a)(3)(B)(i)(I) you were inadmissible to the
> United States at the time you were granted adjustment of status to that of a
> permanent resident on November 6, 2006. . . .
>
> A full review of your immigration history including your testimony relating
> to your membership in MOM showed no clear and convincing evidence that you
> did not know, and should not reasonably have known, that the organization was a
> terrorist organization id. § 1182(a)(3)(B)(iv)(Vl)(dd). . . .
>
> The finding that you have not been lawfully admitted is also based on the fact
> that, prior to your adjustment, you did not apply for, and thus were not granted,
> the requisite 1-602 waiver pursuant to INA 212(a)(6)(c)(i), for the fraud and
> misrepresentation you committed when you gained entry into the United States on
> May 23, 1993 by presenting a fake visa and a fraudulent passport.

*Id.* ¶¶ 43-43C (p. 7-8).

Mr. Khan allegedly has exhausted all administrative remedies, and therefore seeks "a determination by [this] Court that he meets the requirements for naturalization and is to be naturalized as a United States Citizen without further delay." *Id.* ¶ 45 (p. 9).

### B.  Procedural History

On August 16, 2018, Mr. Khan filed this petition for *de novo* review of USCIS's denial of his naturalization application and seeks a plenary hearing on his naturalization application. Compl. ¶ 1. He named the Defendants as U.S. Attorney General Jefferson Beauregard Sessions III,[3] *id.* ¶ 6, Secretary of Homeland Security Kirstjen M. Nielsen, *id.* ¶ 7, and Director of the Hartford Field Office of USCIS Nieves Cardinale, *id.* ¶ 8.

Mr. Khan alleges that, under 8 U.S.C. § 1421(c), USCIS wrongfully denied him

---

[3] Because all defendants were sued in their official capacity only, William Barr is substituted in as the new U.S. Attorney General. Likewise, because Kirstjen M. Nielsen is no longer Secretary of the Department of Homeland Security, Kevin K. McAleenan is substituted as a defendant in her place.

3

naturalization and wrongfully re-considered his 2006 grant of asylum. *Id.* ¶ 45A (p. 8). Mr. Khan alleges having "never concealed his involvement in the international charitable arm and organization of Muttahidda Qaumi Movement (MQM),[4] which is an active and recognized political party in Pakistan." *Id.* ¶ 45B (p. 9).

Furthermore, Mr. Khan alleges that "[m]embership in and persecution on account of MQM has been recognized as grounds for being granted political asylum," *id.* ¶ 45C, and that his initial grant of asylum was based upon his membership in MQM, *id.* ¶ 45D. As a result, Mr. Khan alleges "it was improper for USCIS to subsequently determine that such membership precludes his naturalization because it is now considered a 'Tier III' terrorist organization," and that doing so "impermissibly re-determine[d] his grant of Asylum." *Id.* ¶ 45D. Additionally, Mr. Khan alleges his entry into the United States did not require a Form I-602 waiver. *Id.* ¶ 45D (citing *Wu Zheng Huan v. INS*, 436 F. 3d 89, 100 (2d Cir. 2006)).

Mr. Khan next claims that a specific question on the Form N-400 is "void for vagueness under the Due Process Clause of the Fifth Amendment." *Id.* ¶ 49. Mr. Khan argues that an "ordinary person would not understand the N-400 question on memberships and associations that acting as [the] U.S. based charitable arm of a recognized and legitimated foreign political party with no active statement or history of terrorism would be considered to be providing material support to a terrorist organization." *Id.* ¶ 50.

Mr. Khan also seeks a declaration under 28 U.S.C. § 2201 that Defendants' actions are "unconstitutional, violate the [Immigrations and Naturalization Act], and are arbitrary and

---

[4] In their supporting memorandum, the Government notes that its "notices reflect that Plaintiff admitted to membership in the Mohajir/Muhajir Quami Movement," but for the purposes of this motion, the Government will use MQM. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss, ECF No. 21-1 at 2n.1 (Mar. 14, 2019).

capricious." *Id.* ¶ 52. Mr. Khan argues that Defendants violated the INA by improperly concluding he made a false statement and thus lacked the "good moral character" required for naturalization. *Id.* ¶ 53. Mr. Khan alleges he spoke truthfully on all matters, *id.* ¶ 55, and does not believe himself associated with a terrorist organization. *Id.* ¶ 56. Furthermore, Mr. Khan asserts Defendants' actions violated the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

Mr. Khan asks this Court to assume jurisdiction, order a plenary hearing, review *de novo* his naturalization application, grant him naturalization, award reasonable costs and attorneys' fees under the Civil Justice Act, and grant any other relief the Court deems just. Compl. at 12.

On March 14, 2019, Defendants moved to dismiss this case. Motion to Dismiss, ECF No. 21 (Mar. 14, 2019); Memorandum of Law in Support of Defendants' Motion to Dismiss, ECF No. 21-1 (Mar. 14, 2019) ("Gov't Mem."). They argue that: (1) Mr. Khan's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim; (2) Mr. Khan's due process claims should be dismissed because the void-for-vagueness doctrine does not apply in this context; and (3) Mr. Khan's Administrative Procedures Act and Declaratory Judgment Act claims should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See id.*

On May 4, 2019, Mr. Khan timely filed a memorandum in opposition to Defendants' motion to dismiss. First Memorandum in Opposition, ECF No. 23 (May 4, 2019) ("Pl.'s Opp.").

On June 13, 2019, Defendants timely filed a reply to Mr. Khan's response. Reply Memorandum in Further Support of Defendants' Motion to Dismiss, ECF No. 27 (June 13, 2019) ("Gov't Reply").

On October 22, 2019, the Court held a hearing on the motion. Minute Entry, ECF No. 32 (Oct. 22, 2019).

5

## II. STANDARD OF REVIEW

### A. Rule 12 (b)(1)

In every case, a court must determine whether it has subject matter jurisdiction. In evaluating a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court "must accept as true all material factual allegations in the complaint but need not draw inferences favorable to the party asserting jurisdiction." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff bears the burden of showing that subject matter jurisdiction is proper based on facts existing at the time he or she filed the complaint. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996) (citations omitted).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible."

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), *cert. denied*, 537 U.S. 1089 (2002).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

#### A. *De Novo* Review Under 8 § U.S.C. 1421(c)

"The Attorney General of the United States has the 'sole authority to naturalize persons as citizens of the United States.'" *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009) (citing 8 U.S.C. § 1421(a)). Federal courts generally lack "the power to make someone a citizen of the United States," *see I.N.S. v. Pangilinan*, 486 U.S. 875, 883-4 (1988), but federal courts must

7

"enforce the legislative will" when an authorizing statute so prescribes. *Id.* at 884 (citing *U.S. v. Ginsberg*, 243 U.S. 472, 474 (1917)). "Once it has been determined that a person does not qualify for citizenship, . . . the district court has no discretion to ignore the defect and grant citizenship." *Fedorenko v. U.S.*, 449 U.S. 490, 517 (1981) (citation omitted). But "there are statutory standards governing naturalization, and naturalization decisions by [US]CIS . . . are subject to judicial review." *Escaler*, 582 F.3d at 290.

When a person's application for naturalization is denied after a hearing before an immigration officer, that individual may seek *de novo* judicial review of the denial before a district court. *See* 8 U.S.C. § 1421(c). An individual must first exhaust all administrative remedies. *Escaler*, 582 F.3d at 292 (citing § 1421(c)). "The court is empowered to conduct a *de novo* review, making 'its own findings of fact and conclusions of law,' and may conduct a hearing *de novo*." *Id.* at 291; *see also Chan v. Gantner*, 464 F.3d 289, 291 (2d Cir. 2002) (citation omitted) ("Judicial review of naturalization denials . . . is not limited to any administrative record but rather may be [based] on facts established in and found by the district court.").

Specifically, Section 1421(c) provides:

A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and

8

> conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

This *de novo* review, however, does not require "bench trials even when there are no disputed issues of material fact." *Chan*, 464 F.3d at 296. As a result, if there are no genuine issues of material fact, this review can occur and be resolved at the summary judgment stage. *Id.* ("We therefore conclude that no statute 'set[s] forth' an alternative practice for review of citizenship denials such that Rule 56 is inapplicable in those proceedings."). Indeed, in *Chan*, "[b]ecause there was no genuine issue of material fact, the District Court properly entered summary judgment to dispose of the case." *Id.*

Defendants, however, have not waited until the close of discovery and the summary judgment stage to seek dismissal here, but instead seek to do so on a motion to dismiss. Defendants argue that USCIS determined that MQM is a Tier III organization, which is an undesignated organization that directly engages in terrorist activity or indirectly supports terrorist activity by providing funds and other forms of material support to the terrorist organization. *Id.* at 17 (citing 8 U.S.C. § 1182(a)(3)(B)(iv)); *see also* Ex. A: Notice of Intent to Deny ("NOID"), ECF No. 21-3 at 16 (Mar. 14, 2019) (describing MQM's "numerous violent activities" in Pakistan during the 1990s). Defendants also note that Mr. Khan has admitted to providing material support to MQM and "acting as the U.S. based charitable arm" of MQM. Gov't Mem. at 18 (citing Compl. ¶ 50). As a result, Defendants argue that Mr. Khan does not deny the fact that

membership makes him inadmissible as a permanent resident, and thus cannot be naturalized as a U.S. citizen. Gov't Mem. at 21.

Alternatively, Defendants argue that neither USCIS's previous grant of asylum nor adjustment of Mr. Khan's status to lawful permanent resident bind the Court to conclude that Mr. Khan was lawfully admitted for the purposes of naturalization. *Id.* at 20-21. Instead, they argue that, based on the record now before it, the Court can make its own findings of fact and conclusions of law, consistent with *de novo* review under § 1421(c), and determine that Mr. Khan is ineligible for citizenship. *Id.*

In response, Mr. Khan argues that "*de novo* review of an N-400/N-336 denial cannot be barred by deference to findings of inadmissibility when such findings necessarily form the basis of the denial." Pl.'s Opp. at 5. Mr. Khan notes that the Court cannot defer to the agency's prior findings under 8 U.S.C. § 1421(c), and that Mr. Khan has sufficiently and plausibly alleged in his Complaint the basis for the N-336 denial, which was his alleged lack of lawful admission. *Id.* at 6. Mr. Khan also argues that Defendants are estopped from rescinding his lawful permanent resident status because more than five years have passed since the original grant in 2006. *Id.* at 13 (citing 8 U.S.C. § 1256(a)).

Ultimately, the Court agrees with Mr. Khan, at least with respect to whether the Court can effectively fulfill its statutory obligation under Section 1421(c) to conduct a *de novo* review of Mr. Khan's denied naturalization application and a decision based on its own findings of fact and conclusions of law at this stage of the case. *See Chan*, 464 F.3d at 291 (recognizing, *inter alia*, that the district court in its *de novo* review does not defer to the administrative agency's findings and conclusions and may make its own). While the factual allegations in Mr. Khan's

Complaint are probative for purposes of a *de novo* review, waiting until the close of discovery and a full and fair opportunity to raise and address a Rule 56 motion for summary judgment will better position the Court to render a decision, particularly if, upon a fuller record, "there are no disputed issues of material fact." *Id.* at 296; *see also Raynolds v. Napolitano*, No. 3:11-cv-205, 2013 WL 2149702, at *3 (D. Conn. May 16, 2013) (finding on summary judgment that plaintiff did not meet 8 U.S.C. § 1427(a)'s residency requirements for naturalization, thus denying her § 1421(c) claim); *McElhaney v. USCIS*, No. 3:09-cv-1474, 2010 WL 4365819, at *5 (D. Conn. Oct. 20, 2010) (same); *Gildernew v. Quarantillo*, No. 5-civ-10851, 2008 WL 4938289, at *6 (S.D.N.Y. Oct. 29, 2008) (granting defendants' cross-motion for summary judgment of plaintiff's 1421(c) claim when the only evidence that supported plaintiff's claim was counsel's affidavit); *Golding v. Dep't of Homeland Sec.*, No. 5-cv-21095, 2009 WL 2222779, at *1 (S.D. Fla. July 27, 2009) (addressing *de novo* review under § 1421(c) through a bench trial and receiving both "documentary and testimonial evidence").[5]

As a result, the Court will not resolve Mr. Khan's petition for *de novo* review under Section 1421(c) at this stage of the case.

Accordingly, Mr. Khan's petition for *de novo* review under 8 U.S.C. § 1421(c) will not be dismissed at this time.

### A. The Fifth Amendment Due Process Claim

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

---

[5] Significantly, at this stage of the case and as required by § 1421(c), Mr. Khan has demonstrated that he has exhausted all administrative remedies, and has pleaded facts that are sufficiently plausible to demonstrate that he

11

The void-for-vagueness doctrine "chiefly applie[s] to criminal legislation," *Arriaga v. Mukasey*, 521 F.3d, 219, 222 (2d Cir. 2008), and "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "Laws with civil consequences require less exacting vagueness scrutiny." *Arriaga*, 521 F.3d at 223.

Mr. Khan challenges a question on the N-400 naturalization application as violating the Fifth Amendment's Due Process Clause. *See* Compl. ¶¶ 49, 50 (referencing the question on associations to charitable organizations to which an applicant gave money).

Defendants argue that Mr. Khan's challenge to a question on a naturalization form should be dismissed for failure to state a claim. Gov't Mem. at 22-23. They assert that the question posed on the N-400 form requests information on an applicant's past conduct, and that had Mr. Khan been confused by the question's meaning, he could have asked for clarification from either the questioning officer or his attorney who was present. *Id.* at 22. Defendants note that Mr. Khan asked and received clarification on another question. *Id.*

Furthermore, Defendants argue that the question at issue relates to Mr. Khan's admissibility, "to which the void-for-vagueness doctrine does not apply." *Id.*; *see Boutilier v. INS*, 387 U.S. 118, 123 (1967) ("The constitutional requirement of fair warning has no applicability to standards . . . for admission of aliens to the United States."). They distinguish the two cases cited by Mr. Khan in his Complaint. Gov't Mem. at 22. In *Grayned v. City of Rockford*, 408 U.S. 104 (1972), the individual challenged the constitutionality of two ordinances

---

was "lawfully admitted" to the U.S. *See* Compl. ¶ 12 (alleging that he is "a lawful permanent resident of the United States having obtained his residency by grant of Asylum on November 6, 2006, in the AS6 category").

that were the basis of his criminal conviction; and *Foti v. City of Menlo Park*, 146 F.3d 629 (9th Cir. 1998) involved a challenge to another city ordinance. Gov't Mem. at 22-23. Unlike those cases, Defendants emphasize that Mr. Khan does not challenge a punishment or a prohibition on conduct, but a question on a form. *Id.* at 23. Accordingly, Defendants argue, his Fifth Amendment claim should be dismissed.

In response, Mr. Khan cites to *Jordan v. De George*, 341 U.S. 223 (1951), which was also referenced in *Arriaga*, 521 F.3d at 223, as "reviewing [a] deportation provision for vagueness because of the 'grave nature' of the penalty of forfeiting one's residence." Pl.'s Opp. at 22-23. Mr. Khan also argues that, regardless of whether he could have requested a clarification about the form requires a factual finding, so the Court should not now dismiss this claim at this stage of the case. *Id.* at 23.

Defendants reply that the "void-for-vagueness doctrine applies to statutes carrying civil or criminal penalties, and Plaintiff has cited no authority applying the doctrine to invalidate questions on forms as he seeks to do here." Gov't Reply at 7. They distinguish *Jordan*, where the Supreme Court addressed "whether conspiracy to defraud the United States of taxes on distilled spirits is a 'crime involving moral turpitude' within the meaning of [section] 19(a) of the Immigration Act of 1917." *Id.* (quoting *Jordan* 341 U.S. at 223-24). In their view, the Supreme Court there again addressed a statute, not a question on a form. *Id.* Defendants therefore argue

13

that Mr. Khan's "constitutional challenge to a question on a naturalization form cannot succeed as a matter of law and should be dismissed." *Id.* at 8.

The Court agrees.

Although the void-for-vagueness doctrine applies to statutes with civil as well as criminal consequences, *see Arriaga*, 521 F.3d at 223, Mr. Khan has provided no precedent for applying the doctrine so narrowly to a specific question on an administrative form. *See, e.g.*, *Kolender*, 461 U.S. at 357 (noting that the void-for-vagueness doctrine applies to statutes). Furthermore, "it is important to underscore the limited scope of judicial inquiry into immigration legislation." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977). The Supreme Court of the United States has "repeatedly emphasized that over no conceivable subject is the legislative power of Congress more complete than it is over the admission of [individuals]." *Id.* (internal citations omitted); *see Chan*, 464 F.3d at 290 (citing INA § 310(a), 8 U.S.C. § 1421(a), as delegating sole authority in the naturalization domain to the Attorney General).

Indeed, recognizing the scope of authority granted to Congress, the Supreme Court rejected a constitutional challenge to the statutory language of an immigration statute even though it excluded the relationship "between an illegitimate child and his natural father from the preferences accorded by the Act to the 'child' or 'parent' of a United States citizen or legal permanent resident." *Fiallo*, 430 U.S. at 800. As a result, it logically follows that the courts are

even more limited in their ability to find constitutional fault with a question on an USCIS administrative form.

Accordingly, Mr. Khan's Fifth Amendment Due Process Clause claim, Count Two, will be dismissed.

**B.     The Administrative Procedure Act and Declaratory Judgment Act Claims**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The Administrative Procedure Act subjects certain final administrative agency actions to judicial review. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). The agency action is reviewable under the Administrative Procedure Act if there is no other remedy available to the plaintiff. *See id.* The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Defendants argue that given Mr. Khan's adequate remedy under Section 1421(c) for a *de novo* review, his claims under the Administrative Procedure Act and the Declaratory Judgment Act should be dismissed. Gov't Mem. at 24. In any event, in Defendants' view, the Declaratory Judgment Act "does not expand a federal court's subject matter jurisdiction," *id.* (citing *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011); *Kasica v. U.S. Dept. of Homeland Security*, 660 F. Supp. 2d 277, 282 (D. Conn. Aug. 21, 2009)); nor does it "vest district courts with jurisdiction to consider naturalization proceedings," *id.* at 25 (quoting *Santamaria v. Holder*,

2012 WL 566073, at *7 n.7 (S.D.N.Y. Feb. 21, 2012)).

In response, Mr. Khan argues that the Immigration and Naturalization Act, § 360(a), 8 U.S.C. § 1503(a), allows an individual to bring a claim for declaration of U.S. nationality under the Declaratory Judgment Act, unless the issue of the applicant's citizenship arose "by reason of," "in connection with," or "is in issue" in any removal proceeding. Pl.'s Opp. at 23 (quoting 8 U.S.C. § 1503(a)). Mr. Khan then argues that review under § 1421(c) is not exclusive when there are other viable claims as well. *Id.* at 24. Mr. Khan analogizes his case to *Singh v. USCIS*, 2011 WL 1485368, at*4 (N.D. Ill. Apr. 19, 2011), where the court held that the USCIS decision to terminate the plaintiff's grant of asylum was a separate and final decision that could be reviewed in district court under the Administrative Procedure Act. Pl.'s Opp. at 24.

The Court disagrees.

Because Mr. Khan has an alternative adequate remedy under Section 1421(c), for *de novo* review of USCIS's denial of his naturalization application, this more specific statutory grant of judicial review makes his Administrative Procedure Act claim inappropriate. *See Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008) (noting that the Administrative Procedure Act does not independently grant subject-matter jurisdiction and that its provisions cannot override other more specific "statutory limitations on judicial review of agency action"); *see* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

Because the Declaratory Judgment Act "does not itself enlarge the jurisdiction of the federal courts," *Baez-Fernandez*, 385 F. Supp. 2d 292, 296 (S.D.N.Y. Jan. 18, 2005), it only "authorizes relief which is consonant with the exercise of the judicial function in the

determination of controversies to which under the Constitution the judicial power extends." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). In other words, this Court is not authorized to give declaratory relief in addition to and beyond what the specific statutory grant of jurisdiction allows, which in this case is § 1421(c). *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allow[s] relief to be given . . . But the requirements of jurisdiction – the limited subject matters which alone Congress had authorized the District Courts to adjudicate – were not impliedly repealed or modified."); *see also Fiallo*, 430 U.S. at 793 ("[O]ver no conceivable subject is the legislative power of Congress more complete than it is over the admission of [individuals]."); *Wan Shi Hsieh v. Kiley*, 569 F.2d 1179, 1181-82 (2d Cir. 1978) ("The jurisdiction of federal courts to review the INS's action" – the INS being the predecessor to USCIS – "depend[s] on the existence of a statutory authorization or mandate from Congress," because the Declaratory Judgment Act is "remedial, not jurisdictional.").

To the extent that Mr. Khan seeks declaratory relief consistent with his § 1421 (c) claim, the Court will consider that claim for relief when it conducts *de novo* review under § 1421(c). But there is no legal basis for any of the purported Constitutional relief sought by Mr. Khan under the Declaratory Judgment Act, for the same reasons noted above with respect to his Fifth Amendment Due Process claim.

Accordingly, Mr. Khan's claims for relief under the Administrative Procedure Act will be dismissed, and his Declaratory Judgment Act claim, properly limited to relief under § 1421(c), remains for now.

17

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

Mr. Azan-Khan's claims under the Fifth Amendment and the Administrative Procedures Act are dismissed. His claim for *de novo* review under 8 U.S.C. § 1421(c) and for relief under the Declaratory Judgment Act will proceed.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of October, 2019.

/s/ Victor A. Bolden

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE